UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN J. MAMON, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 1:14-cv-1675-SEB-TAB |
| | ) |
| SUPERINTENDENT, Indiana State Prison, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

This cause is before the court on the petition of Kevin Mamon for a writ of habeas corpus. The court has conducted its preliminary review of the petition pursuant to Rule 4 of the *Rules Governing § 2254 Cases in United States District Courts* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the reasons explained in this Entry, this action is appropriate for such a disposition.

In a disciplinary proceeding identified as No. CIC 13-12-150 Mamon was found guilty of violating prison rules at the Correctional Industrial an Indiana prison, by committing battery on another person. Mamon challenges that decision as unsupported by sufficient evidence and, because not supported by sufficient evidence, as being the result of a biased decision-making.

The evidence favorable to the decision of the hearing officer is set forth in the conduct report issued on December 9, 2013, which the hearing officer found credible. The conduct report is reproduced below:

# REPORT OF CONDUCT

State form 39590 (R3/4-94)

**EXHIBIT 1**

INDIANA DEPARTMENT OF CORRECTION

Case Number: CIC 13-12-0180
Date Assigned: 12-9-13

**INSTRUCTIONS:** Type or Print Clearly

NOTE TO REPORTING EMPLOYEE: This report is to be filled out in triplicate. All copies shall be forwarded to the screening officer, in accordance with the Disciplinary Code for Adult Offenders.

| Name of Offender: | Offender's DOC Number: | Facility: | Housing Unit: |
|---|---|---|---|
| Mamon, Kevin | 190764 | CIF | 5A-4D |

| Date and Time of Incident: | Place of Incident: | Date Report Written: |
|---|---|---|
| 12/8/2013 1:00:00 AM | Cell 5 on 4D | 12/8/2013 |

| Offense: | Code Number: |
|---|---|
| Assault/Battery upon another person inflicting serious injury | B212 |

**DESCRIPTION OF INCIDENT:** (If more space is needed, attach additional sheets in triplicate)

On 12/8/13 at approximately 1:00 AM I Ofc. K. Kirby observed offender Mamon, Kevin 190764 5A-4D standing outside of his cell 5-4D. I ordered offender Mamon to lockdown. Ofd. Mamon turned to face me and I observed a cut on the left side of his face. Ofd Mamon was escorted to the DO for questioning. He stated that his bunkie, Ofd. Wilson, Eric 108386 5B-4D had assaulted him. Ofd Wilson was questioned and given a visual inspection. Ofd. Wilson had marks on his body indicating he was in a physical altercation. Ofd. Wilson denied striking Ofd. Mamon however his statements were inconsistent with Ofd. Mamon. Both offender were segregated for B212 Fighting

**Disposition of Physical Evidence, If any:** Photos attached

**Witness(es), If any:**

Signature of Reporting Employee: [signature]
Name and Title: OFC K KIRBY 224
Screening Officer: T. Hatt 219

**FOR SCREENING OFFICERS ONLY**

Copy of Report Delivered to Offender by: T. Hatt 219
Date Report Delivered: 12-9-13
Signature of Offender Receiving Copy: [signature]
Note Here If Offender Refuses to Sign:

DISTRIBUTION: White - Offender; Canary - Central Office; Pink - Facility Packet

Paraphrasing the salient portion of the charging text: At approximately 1 a.m. on December 9, 2013, the reporting officer observed Mamon standing outside his cell door at an Indiana prison. The reporting officer ordered Mamon to lockdown (re-enter his cell). Mamon turned to face the reporting officer, who then notice a cut on the left side of his face. Mamon was escorted to an interview room for questioning, where he reported that his bunkie (cellmate), offender Eric Wilson, had assaulted him. Wilson was questioned and examined. Wilson had marks on his body indicating he was in a physical altercation. Wilson denied striking Mamon.

Distilling this even further, the conduct report recites that Mammon told the reporting officer at approximately 1 a.m. that his bunkie had assaulted him and his bunkie, Eric Wilson, had marks on his body indicating that he had been in a physical altercation. Could a reasonable adjudicator conclude from these circumstances that Mamon and Wilson had been in a fight and had inflicted the observed injuries on each other during that fight? Yes. That is the due process standard for the sufficiency of the evidence in these circumstances. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)(internal quotation omitted). A conduct report can constitute sufficient evidence to satisfy the requirements of due process, *id.,* at 786, and in this case does so. Accordingly, there is no arguable merit to Mamon's first habeas claim.

A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). This is the focus of Mamon's second habeas claim, but it does not hold water. Mamon's claim of a biased hearing officer is premised on the assert merit of his challenge to the sufficiency of the evidence. As has already been shown here, that is a false premise because the evidence was constitutionally sufficient. Accordingly, there is likewise no merit to Mamon's second habeas claim that the hearing officer was not impartial. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity.").

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Mamon's habeas petition fails to identify any constitutional infirmity in No. CIC 13-12-150. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed pursuant to Rule 4.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __12/31/2014__

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kevin Mamon    190764
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360